IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3038 |
| vs. | |
| ANGELICA AGENA, | MEMORANDUM AND ORDER |
| Defendant. | |

    The defendant, Angelica Agena, is set to be tried to a jury in this Court on one count of possessing with the intent to distribute methamphetamine, and one count of conspiracy to distribute methamphetamine. Filing 25-1. This matter comes before the Court on the defendant's motions in limine to exclude some of the government's anticipated evidence. Filing 20. The Court heard argument in open court on Friday, October 27, 2023. The defendant's motions will be overruled without prejudice to be reasserted at trial.

    The defendant seeks to exclude references that she distributed or used drugs other than methamphetamine. Filing 20. The defendant argues that this is improper character evidence, disallowed under Fed. R. Evid. 404(b), and is otherwise unfairly prejudicial under Rule 403. Specifically, the defendant seeks to exclude some text messages which the government is expected to interpret as meaning that the defendant was selling marijuana or heroin, and exclude any other evidence implicating the defendant in crimes other than the ones charged.

    Under Fed. R. Evid. 404(b), evidence of a defendant's prior bad acts or wrongful conduct is not admissible to prove a defendant's propensity for criminal behavior. Such evidence may be admissible, however, for a purpose

other than propensity, such as proving the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2); *United States v. Gant*, 721 F.3d 505, 509 (8th Cir. 2013). To be admissible under 404(b), evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect. *Gant,* 721 F.3d at 509.

But the limitations outlined in Rule 404(b) only apply to wrongful-act evidence that is *extrinsic* to the charged offense; the rule does not prevent admission of wrongful conduct that is *intrinsic* to the charged offense. *United States v. Brooks*, 715 F.3d 1069, 1076 (8th Cir. 2013). Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred; *i.e.*, the other crime evidence completes the story, provides a total picture of the charged crime, or is inextricably intertwined with the charged crime. *Id.*; *Buchanan v. United States*, 714 F.3d 1046, 1047-48 (8th Cir. 2013). For example, evidence of ecstasy and marijuana sales were admissible against a defendant charged with conspiracy to distribute crack cocaine when the other drugs were discovered alongside the cocaine, because the evidence of other drugs was necessary to complete the story. *U.S. v. Dungy,* 51 F. App'x 194, 195 (8th Cir. 2002).

All evidence, admissible under Rule 404(b) or otherwise, "must still pass the 'substantially outweighed' test of [Fed. R. Evid.] 403." *United States v. Adams*, 783 F.3d 1145, 1149 (8th Cir. 2015). In other words, evidence admissible under Rule 404(b) should still be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v.*

2

*Anderson*, 783 F.3d 727, 745 (8th Cir. 2015) (quoting Rule 403). Unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. *United States v. Iron Hawk*, 612 F.3d 1031, 1040 (8th Cir. 2010).

As of now, the evidence of other drug sales appears to be intrinsic to the crimes charged, and Rule 404(b) is not implicated. The sales of other drugs complete the story of the conduct with which Agena is charged. The government provided that part of its theory of the case is that Agena was brought in on the conspiracy to distribute methamphetamine because of her "network" in Lincoln. And the timing of the sales of other drugs indicates this uncharged conduct is intrinsically intertwined with the conduct which led to the charges the defendant faces now. See *Dungy,* 51 F. App'x at 195.

Even if the evidence is extrinsic, the sale of other drugs would satisfy Rule 404(b)'s standards: It's relevant to the defendant's intent and knowledge to distribute drugs, it occurred contemporaneously with the charged conduct, it's expected to be supported by sufficient evidence, and the probative value of the evidence, at this point, does not seem to be outweighed by the potential prejudice. But, the Court will listen to the evidence provided by the government and, if the evidence of sales of other controlled substances is either unnecessary to complete the story, or is unduly prejudicial to the defendant, the evidence may be excluded subject to an appropriate objection.

At this time, however, the defendant's motion to exclude evidence of selling drugs other than methamphetamine is overruled without prejudice to reassertion as to foundation, or Rule 403 or 404(b). If necessary, the Court may give a limiting instruction that the defendant is only on trial for the crimes charged in the indictment.

The defendant also seeks to exclude police officers' interpretations of various jail calls the defendant made to alleged co-conspirators, officers' interpretations of how drugs were packaged, and officers' "translations" of alleged drug terminology—the defendant argues that such testimony lacks foundation, is not proper expert testimony, is speculative, and is unduly prejudice. *See* filing 20. But the objected-to opinions are all proper topics for experts. *See, e.g., U.S. v. Shaw,* 751 F.3d 918, 921 (8th Cir. 2014) (an expert may opine that packaging materials indicate an intent to distribute controlled substances); *U.S. v. Hill,* 31 F.4th 1076, 1086-87 (8th Cir. 2022) (collecting cases) (government can use experts to translate drug slang). The government acknowledges that "the officer's testimony should not 'go beyond the plain meaning of the recorded conversations.'" Filing 58 at 2 (quoting *U.S. v. Delpit,* 94 F.3d 1134, 1145 (8th Cir. 1996)). But, with proper foundation, the government's witnesses can testify as to their knowledge and expertise in the areas of drug slang and drug packaging.

To the extent the defendant seeks to exclude phone calls made to purported drug dealers, at this point, it appears the government will provide evidence that the defendant called alleged co-conspirators while in custody on state charges. This evidence is relevant to the crimes charged and is not unfairly prejudicial. However, the government must still lay proper foundation for the identities of the co-conspirators and their involvement in the alleged conspiracy. The defendant's motions are overruled without prejudice to a foundational objection if needed at trial.

> IT IS ORDERED that the defendant's motion in limine (filing 20) is overruled without prejudice to be reasserted at trial.

4

Dated this 27th day of October, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

5